**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O'Neil Dema,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>Campanero, et al.,  )<br>  )<br>Respondents.  )<br>_____) | No. CV 11-347-PHX-DGC (LOA)<br><br>**ORDER** |

Petitioner's habeas appeal was remanded by the Ninth Circuit for the limited purpose of granting or denying a Certificate of Appealability ("COA"). Doc. 12. Petitioner's habeas petition was dismissed without prejudice for failing to comply with court rules and instructions, and Petitioner was granted leave to file an amended petition within 30 days of the order. Doc. 6. Petitioner filed an interlocutory appeal before the expiration of the 30-day amendment period (Doc. 7), and did not file an amended petition. After the expiration of the amendment period, the Clerk entered judgment dismissing the case without prejudice. Doc. 11. Petitioner has not appealed that judgment. Although 28 U.S.C. § 2253(c) requires COAs only for final orders, and the appeal in this case was an interlocutory appeal (Doc.7), the Court assumes in light of remand instructions that this Court has the power to issue a COA under 28 U.S.C. § 2253(c) for interlocutory appeals.

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). A petitioner meets the criteria of § 2253(c)(2) by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A dismissal on procedural grounds does not necessarily preclude a COA from issuing. *See id.* at 483 ("In setting forth the preconditions for issuance of a COA under § 2253(c), Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal."). Where a procedural dismissal occurred, however, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Pro se plaintiffs are expected to abide by the rules of the court in which they litigate. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, a prisoner attacking his or her state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. *Rose v. Lundy*, 455 U.S. 509 (1982); *Szeto v. Rushen*, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. *Rose*, 455 U.S. at 521-22. The failure to exhaust subjects a petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983).

The Court found that Petitioner has not substantially complied with court rules for purported claims 5 through 20. Doc. 6 at 2. Therefore, dismissal without prejudice of these purported claims on procedural grounds was proper, and the Court finds that jurists of reason would not disagree.

- 2 -

Dismissal of claims 1 through 4 without prejudice and with leave to amend was also proper for two independent reasons. First, Petitioner likely intended all twenty claims be reviewed, and permitting Petitioner to properly file all claims is judicially efficient. *See* Rule 2(c)(1), Rules Governing Section 2254 Cases in the United States District Courts (stating that a petition must specify all grounds on which relief is available to petitioner). Second, the petition stated that claims 1 through 4 were not presented before the Arizona Court of Appeals (Doc. 1 at 6-9), thereby facially indicating that Petitioner has not exhausted the claims in state court as required.[1] *See Rose*, 455 U.S. at 521-22. The Court gave Petitioner an opportunity to "provide information as to how he has first exhausted his administrative remedies as to each and every claim" in an amended petition, an opportunity that Petitioner declined to seize. For these reasons, the Court finds that jurists of reason would not disagree with the Court's procedural disposition of claims 1 through 4.

In light of the above, the Court will deny Petitioner's implied request for a COA.[2]

**IT IS ORDERED** that Petitioner's implied request for a COA (Doc. 7) is **denied**.

DATED this 20th day of June, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[1] The Court's statement that "Petitioner affirmatively alleges that the issues raised in all four grounds were presented to the Arizona Supreme Court" (Doc. 6 at 2) does not constitute a finding that the issues were exhausted. The Court specifically stated later in the order that the amended petition "must also provide information as to how he has first exhausted his administrative remedies as to each and every claim." *Id.* at 3.

[2] A notice of appeal is deemed a request for a COA where a petitioner fails to otherwise make an express request. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).